**David L. SMITH, Plaintiff—Appellant,**

**v.**

**Denise SULISTA; et al., Defendants— Appellees.**

No. 04–15301.

D.C. No. CV–02–00158–KJD/RJJ.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.*

Decided April 18, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

David L. Smith, Las Vegas, NV, pro se.

Federico C. Sayre, Esq., Law Offices of Federico C. Sayre, Santa Ana, CA, pro se.

Christopher Gene Hamill, Esq., Atkinson, Hamill & Barrowclough, Phoenix, AZ, Charles E. Casson, Kingman, AZ, Richard J. Pyatt, Pyatt & Silvestri, Las Vegas, NV, for Defendants–Appellees.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

MEMORANDUM **

David L. Smith appeals pro se the district court's order imposing sanctions on him for filing frivolous actions regarding a property foreclosure. We review for abuse of discretion the district court's decision to impose sanctions pursuant to Federal Rule of Civil Procedure 11. *G.C. and K.B. Investments, Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir.2003). We affirm.

A district court may impose Rule 11 sanctions if a paper filed with the court is for an improper purpose, or if it is frivolous. *See* Fed.R.Civ.P. 11(b)(1)-(2); *Townsend v. Holman Consulting*, 929 F.2d 1358, 1362 (9th Cir.1990) (en banc). In its dismissal order, the district court found that Smith's action was barred by the *Rooker–Feldman* doctrine, *see Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003), that it constituted his fourth effort to collaterally attack disputed state court decisions in federal court, and that Smith had been warned by the court to stop litigating issues already decided by the state court. Based on these findings, the district court acted within its discretion in imposing sanctions. *See G.C. and K.B. Investments, Inc.*, 326 F.3d at 1109–10.

Smith's remaining contentions lack merit.

We grant in part appellees The Stockmen's Bank, Bruno, Brooks & Goldberg, P.C., and Barbara Ricca's motion for fees and costs. *See* Fed. R.App. P. 38. We grant their request for attorneys fees on appeal and grant them costs on appeal. We deny their request for double costs and a pre-filing review order. Appellees may

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Circuit Rule 36–3.

submit fee affidavits and bills of costs, and Smith may oppose, pursuant to Ninth Circuit Rule 39–1. We direct the Appellate Commissioner to determine the amount of the award. *See* Ninth Circuit Rule 39–1.9. The Commissioner's order awarding fees is subject to reconsideration by this panel. *Id.*

AFFIRMED.